UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

                                         Case No. 12-15618

v.

                                         Hon. John Corbett O'Meara

DAVID S. ROBINSON, JR.,

    Defendant.

_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**_IN FORMA PAUPERIS_ AND DISMISSING COMPLAINT**

    Plaintiff Kirk Leaphart filed his complaint and an application to proceed *in forma pauperis* on December 21, 2012. On January 10, 2012, Plaintiff filed an motion for a preliminary injunction. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

    Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 against David S. Robinson, Jr., a state judge on Michigan's 36th District Court. Judge Robinson presided over proceedings in which Plaintiff was evicted from public housing. Because Judge Robinson is generally

immune from suit, however, Plaintiff has failed to state a claim against him. See Stern v. Mascio, 262 F.3d 600, 606-607 (6th Cir. 2001). Plaintiff has not alleged facts suggesting that the limited exceptions to judicial immunity apply here. These exceptions are as follows: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 607 (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Here, Plaintiff's allegations make clear that Judge Robinson was acting in a judicial capacity, because he is being sued for actions taken as he presided over eviction proceedings involving Plaintiff. Plaintiff has not alleged facts suggesting that Judge Robinson acted "in the complete absence of all jurisdiction" during those proceedings. See id. ("[Simply exceeding the limits of one's jurisdiction will not eliminate immunity, because many courts are courts of limited jurisdiction regularly called upon to resolve unsettled points of law relating to the contours of their own jurisdiction."). Indeed, state district courts have jurisdiction over landlord-tenant matters and eviction proceedings. Contrary to Plaintiff's argument, this conclusion is not altered because his lease involved a public housing authority under 42 U.S.C. § 1437d. Las Casitas Assocs. v. Ramirez, 1994 WL 618491 (N.D. Cal. Oct. 25, 1994) (no federal court jurisdiction "over evictions of Section 8 housing recipients); Sutton v. Central Towers Apts., 2012 WL 3887201 (E.D. Mich. Aug. 21, 2012) (no federal question jurisdiction over eviction from HUD housing).

The court finds that Judge Robinson is immune from suit and that Plaintiff has failed to state a claim against him.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for temporary restraining order/preliminary injunction is DENIED AS MOOT.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date: January 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 18, 2013, using the ECF system and/or ordinary mail.

                                          s/William Barkholz
                                          Case Manager